**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Scott E. Bradford
Assistant U.S. Attorney
Scott.Bradford@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 15, 2019

Whitney P. Boise
Boise Matthews LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204

      Re:    *United States v. Brian A. Oliver*, Case No. 3:19-CR-XXXXX-XX
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Information filed in this case, in which he is charged with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), respectively.

3.    **Penalties**: The maximum sentence for Count 1, conspiracy to commit mail and wire fraud, is 20 years' imprisonment, a fine of $250,000 (or, if greater, twice the gross pecuniary gains or losses resulting from the offense), 3 years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2, conspiracy to commit money laundering, is 10 years' imprisonment, a fine of $250,000 (or, if greater, twice the value of the property involved in the transaction), 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty pleas or to explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised May 2018

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 2
April 15, 2019

5. **Elements**: In order for defendant to be found guilty of Count 1 of the Information, conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, the government must prove the following elements beyond a reasonable doubt:

   (1) During the time period alleged in the Information, there was an agreement between defendant and at least one other person to commit violations of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud);

   (2) Defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

   (3) Third, some part of the conspiracy took place within the District of Oregon.

The elements of the underlying offenses of 18 U.S.C. § 1341 and 1343 are:

   (1) Defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts. Statements disclosing only part of the truth in an effort to mislead may constitute false or fraudulent representations;

   (2) The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

   (3) Defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

   (4) Defendant or his coconspirators used, or caused to be used, the United States Postal Service, a private or commercial interstate carrier, or interstate wires to carry out or attempt to carry out an essential part of the scheme.

In order for defendant to be found guilty of Count 2 of the Information, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), the government must prove the following elements beyond a reasonable doubt:

   (1) During the time period alleged in the Information, there was an agreement between two or more persons to commit violations of 18 U.S.C. § 1957; and

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 3
April 15, 2019

  (2) Defendant joined the agreement intending to further its illegal purpose.

The elements of the underlying offense of money laundering in violation of 18 U.S.C. § 1957 are:

  (1) Defendant knowingly engaged or attempted to engage in a monetary transaction;

  (2) Defendant knew the transaction involved criminally derived property;

  (3) The property had a value greater than $10,000;

  (4) The property was, in fact, derived from the specified unlawful activity alleged in the Information (mail and wire fraud); and

  (5) Some part of the transaction occurred in the United States or the special maritime and territorial jurisdiction of the United States.

Defendant admits the elements of each offense charged in the Information and agrees that the USAO can prove each of the elements of each offense beyond a reasonable doubt based on the facts admitted in paragraph 6 of this agreement.

6. **Statement of Facts**: Defendant agrees the following facts are true and can be proven by the government beyond a reasonable doubt. Defendant agrees that the following is a non-exhaustive description of defendant's conduct and that the USAO may rely on additional facts in any further legal proceeding, including sentencing.

  **Count 1** – Conspiracy to Commit Mail and Wire Fraud in Violation of 18 U.S.C. § 1349:

  (1) Beginning no later than June 2014 and continuing through February 2016, in the District of Oregon and elsewhere, defendant and others solicited individuals to invest in a variety of notes and investment funds, many of which were purportedly backed by trade receivables in education, health care, transportation, and other consumer credit areas.

  (2) Defendant and others created and approved, and caused to be created and approved, promotional and other investment materials that contained material misrepresentations, including material misrepresentations about the uses of investor moneys, the financial health and strength of the Aequitas companies,

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 4
April 15, 2019

        their investments and investment strategies, and the inherent risks of those investments and investment strategies.

(3)    Defendant and others mailed and emailed, and caused others to mail and email, the promotional and other investment materials to investors and investment advisors.

(4)    These promotional materials also omitted material facts, including that the Aequitas companies were consistently in liquidity and cash-flow crises, that defendant and others used the majority of investor money to repay investors and to pay operating expenses rather than buy trade receivables, and that there was insufficient collateral to secure the notes.

(5)    Defendant and others made similar material misrepresentations and omissions when soliciting investors and discussing the status of investments with investors in person.

(6)    In order to address liquidity and cash-flow problems, defendant and others offered additional notes with higher interest rates in order to entice investors. Defendant and others led investors to believe that the majority of the investors' money would be used to buy trade receivables or other income-generating assets. Instead, defendant and others used the majority of investor funds to pay operating costs and to repay other investors.

(7)    Defendant and others used an intercompany loan and intercompany transfers of money to prop up Aequitas Commercial Finance and the other Aequitas entities and to mislead investors. Defendant and others counted the intercompany note as an asset even though defendant and others knew that that the note was woefully under-collateralized and could not be repaid without the occurrence of several speculative contingencies that were not disclosed to investors.

(8)    Based on defendant's and others' misrepresentations and omissions, including material misrepresentations and omissions of material facts about the nature of the various investments and investment strategies, the use of investor proceeds, and the risk of the investments, individuals invested almost $350 million between January 2014 and January 2016.

(9)    Defendant and others caused investors to mail their investments or to transfer their investments via wire.

(10) Rather than use or invest the money as implied or promised, defendant and others used investor money to repay prior investors and to pay the operating expenses of the Aequitas enterprise. Those costs included lucrative salaries for defendant and others, private jets and pilots, office renovations, an office expansion in New York, and extravagant staff, management, ownership, and investor events.

(11) Despite accumulating operating losses that defendant and others concealed in the above-described intercompany loan, defendant and others continued to raise funds from new investors and convinced prior investors to forgo redemptions and to invest additional money.

(12) Defendant and others caused investor money to be transferred via wire between various financial accounts to facilitate the conspiracy and scheme to defraud, including by diverting investor money.

(13) Defendant and others intentionally did not disclose the following material facts to outside accounting and legal firms: the Aequitas companies were consistently in liquidity and cash-flow crises; defendant and others used the majority of investor money to repay investors and to pay operating expenses rather than buy trade receivables or other investments; and there was insufficient collateral to secure the notes sold to investors.

(14) Defendant and others also failed to disclose the truth about the intercompany loan, including that it was used to conceal accumulating operating losses and that it was severely under collateralized.

**Count 2** – Conspiracy to Commit Money Laundering:

(1) Beginning no later than June 2014 and continuing through February 2016, in the District of Oregon and elsewhere, defendant and others agreed to knowingly engage and to attempt to engage in monetary transactions, and did so, by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity (mail and wire fraud) in violation of 18 U.S.C. § 1957.

(2) Defendant and others engaged in or caused the financial transactions set forth below, each involving more than $10,000 from the proceeds of the scheme to defraud described in Count 1:

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 6
April 15, 2019

- On or about September 29, 2015, a $1 million transfer via wire from an account ending in 7792 to an account ending in 9377;

- On or about September 29, 2015, a $1.5 million transfer via wire from an account ending in 7792 to an account ending in 9377;

- On or about October 2, 2015, a $2.5 million transfer via wire from an account ending in 7792 to an account ending in 9377;

- On or about December 8, 2015, a $700,000 transfer via wire from an account ending in 7834 to an account ending in 7815;

- On or about December 9, 2015, a $150,000 transfer via wire from an account ending in 7834 to an account ending in 7815;

- On or about December 10, 2015, a $350,000 transfer via wire from an account ending in 7834 to an account ending in 7815; and

- On or about December 10, 2015, a $510,000 transfer via wire from an account ending in 7834 to an account ending in 7815.

7.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.  **Relevant Conduct/Loss Amount**: Defendant understands that the USAO will argue the loss attributable to defendant's illegal conduct exceeds $600 million.

9.  **Advisory Guidelines Calculation**: The parties agree to litigate the application of the advisory United States Sentencing Guidelines ("Guidelines"). The USAO will argue that the following guidelines provisions apply:

    (1)  U.S.S.G. § 2B1.1(a)(1) – defendant's base offense level is 7;

    (2)  U.S.S.G. § 2B1.1(b)(P) – because the loss exceeded $600 million, a 30-level increase is warranted;

    (3)  U.S.S.G. § 2B1.1(b)(2)(C) – because the offense involved more than 10 victims, a

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 7
April 15, 2019

        2-level increase is warranted;

(4)     U.S.S.G. § 2B1.1(b)(20)(A) – because the offense involved an investment advisor, a 4-level increase is warranted;

(5)     U.S.S.G. § 2S1.1(b)(2)(A) - because defendant was convicted under 18 U.S.C. § 1956(h) where the sole object was to commit a violation of 18 U.S.C. § 1957, a 1-level increase is warranted;

(6)     U.S.S.G. § 3B1.1(a) – because defendant was an organizer or leader of criminal activity that involved 5 or more participants or was otherwise extensive, a 4-level increase is warranted; and

(7)     U.S.S.G. § 3B1.3 – because defendant abused a position of trust or special skill that significantly facilitated the offense or its concealment, a 2-level increase is warranted.

10.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

11.     **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

12.     **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, except as specified in this agreement. Defendant reserves the right to argue for any sentence defendant feels appropriate under the factors set forth in 18 U.S.C. § 3553, and the USAO reserves the right to oppose any sentence defendant requests. Defendant further agrees that defendant will provide the government with notice of: (1) the factual basis for any such sentence; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 8
April 15, 2019

witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing

13.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court at the sentencing hearing. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions or sentences under this agreement are vacated, the government may reinstate and/or file any other charges and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.
        If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 9
April 15, 2019

17.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct. The parties agree to litigate the amount of restitution at the time of sentencing.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide

Whitney P. Boise
Re: Brian A. Oliver Plea Agreement Letter
Page 10
April 15, 2019

efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18.     **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

20.     **Deadline**:  This plea offer expires if not accepted by April 12, 2019, at 12 p.m.

        Sincerely,

        BILLY J. WILLIAMS
        United States Attorney

        SCOTT E. BRADFORD
        RYAN W. BOUNDS
        Assistant United States Attorneys

    I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

4/19/19
Date

BRIAN A. OLIVER
Defendant

    I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/19/19
Date

WHITNEY P. BOISE
Attorney for Defendant